IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Derek Shane Carter, ) | |
| ) | Civil Action No. 6:15-2988-JMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| David W. Dunlap, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner is currently confined at Kershaw Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted by an Anderson County Grand Jury in March 2001 for great bodily injury upon a child pursuant to S.C. Code §16-3-95(A) and/or (B) (2001-GS-04-763) and in May 2001 for homicide by child abuse pursuant to S.C. Code §16-3-85 (A)(1) (2001-GS-04-1204) (app. 377-80). The petitioner was represented by Robert E. Treacy, Jr., Esq. On June 12, 2001, after a lengthy pretrial hearing, the petitioner entered a guilty plea to Section (A) of each of the charged offenses (app. 175-87). The petitioner was then sentenced by the Honorable John W. Kittredge to 30 years imprisonment for homicide by child abuse and 20 years imprisonment for great bodily injury upon a child (app. 204, 381-82). The petitioner did not file a direct appeal.

On June 3, 2002, the petitioner filed an application for post-conviction relief ("PCR") (app. 206-12). On September 17, 2004, the State made its return (app. 213-16).

On or about December 7, 2005, the petitioner moved to withdraw his PCR action, and, after a colloquy to ensure a knowing and voluntary request to withdraw the PCR petition, the Honorable James C. Williams granted the motion to withdraw (app. 218).

The petitioner filed a second PCR application on May 15, 2009, and challenged the constitutionality of the statute for the homicide by child abuse charge, S.C. Code § 16-3-85, for vagueness (app. 221). On April 7, 2010, the State moved to dismiss the application as successive and untimely (app. 257-61). On April 21, 2010, the petitioner filed a motion opposing summary dismissal (app. 262-66). On May 5, 2010, the Honorable Alexander S. Macaulay filed a conditional order advising the petitioner of the court's intent to summarily dismiss the application as successive and untimely, but allowing the petitioner to show cause as to why the order should not become final (app. 267-70). The petitioner filed a response on November 17, 2010 (app. 271, 273-320). On June 2, 2010, Judge Macaulay found "sufficient reason" to allow the action to continue, given there were "issues of facts" that needed to be resolved by hearing and not on summary dismissal (app. 271-72). Judge Macaulay also directed that counsel be appointed and the matter be scheduled for hearing (app. 272). Tommy Thomas, Esq., represented the petitioner in the action, and, on March 8, 2012, an evidentiary hearing was held before the Honorable R. Lawton McIntosh (app. 321).

At the conclusion of the hearing, Judge McIntosh noted the voluntary plea, but took the challenge to the statute under advisement (app. 359-60). On May 16, 2012, the State filed a memorandum of law in support of dismissal (app. 364-67). On April 1, 2012, PCR counsel submitted a memorandum in support of relief (supp. app. 157-160). On August 10, 2012, Judge McIntosh denied relief and dismissed the action (app. 369-75). PCR counsel moved to alter or amend the judgment on August 24, 2012, and Judge McIntosh denied the motion on September 14, 2012 (supp. app. 161-64).

The petitioner appealed the denial of relief. He was represented by Appellate Defender Carmen V. Ganjehsani of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, on appeal. Appellate counsel filed a petition for writ of

certiorari in the Supreme Court of South Carolina on June 14, 2013, and raised the following issues:

> I. Is Petitioner entitled to a vacation of his thirty-year sentence under S.C. Code Ann. § 16-3-85 where the statute is unconstitutional under the due process and equal protection clauses of the South Carolina and the United States Constitutions when under its provisions, a defendant whose actions only amount to "aiding and abetting" is subject to vastly different penalties for identical conduct depending solely under which section of the statute the defendant is charged?
>
> II. Did Petitioner's plea counsel err in failing to object to Petitioner's guilty plea under S.C. Code Ann. § 16-3-85 (A)(1) where the Petitioner's actions only amounted to "aiding and abetting" under Subsection (A)(2) of § 16-3-85 and Petitioner would have received a maximum sentence of twenty years instead of the thirty year sentence he received under Subsection (A)(1)?

(Doc. 22-5).

On October 30, 2013, the State filed a return to the petition. Appellate counsel filed a reply on November 12, 2013. By order dated September 24, 2014, the Supreme Court of South Carolina denied the petition for review (doc. 22-8). The petitioner filed a *pro se* petition for rehearing on or about October 6, 2014. The Supreme Court of South Carolina denied the petition November 20, 2014, and issued the remittitur that same day. The remittitur was filed by the Anderson County Clerk of Court on November 24, 2014 (doc. 22-11).

The petitioner's federal habeas petition was filed by the Clerk of Court on July 31, 2015 (doc. 1). On November 25, 2015, the respondent filed a motion for summary judgment (doc. 23) and a return (doc. 22). On November 30, 2015, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion (doc. 24). On January 4, 2016, the petitioner filed a response in opposition to the motion for summary judgment (doc. 27).

In his federal petition, the petitioner makes the following claims:

3

> Ground One: S.C. Code Ann. § 16-3-85 is unconstitutionally vague
>
> Ground Two: Petitioner's plea counsel was ineffective for failing to object to petitioner's guilty plea under § 16-3-85
>
> Ground Three: Petitioner's Appellate Counsel was ineffective for failing to raise the claim that the PCR Court incorrectly framed Petitioner's PCR issue.
>
> Ground Four: The trial court lacked jurisdiction to convict and sentence Petitioner for the offense of homicide by child abuse.

(Doc. 1 at 6-11).

## APPLICABLE LAW AND ANALYSIS

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not

rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### *Exhaustion*

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203, SCACR; S.C. Code Ann. §§ 17–27–10,–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy,* the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854.

The petitioner neither timely pursued nor exhausted his direct appeal remedies. *See* Rule 203(b)(2), SCACR (ten day limit in which to appeal after sentencing). Given the time for pursuing appeal has long passed, the petitioner has no direct appeal remedies still available to him. The petitioner failed to pursue his one PCR action protected as a matter of right; however, he was allowed a second PCR action and subsequent appeal.

He has no further PCR remedies available to him. *See Wade v. State*, 559 S.E.2d 843, 847 (S.C. 2002) ("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal"). Accordingly, the petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

***Statute of Limitations***

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The respondent first argues[1] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees.

The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The petitioner pled guilty and was sentenced on June 12, 2001. Thus, his conviction became final on June 22, 2001, ten days after sentencing, upon failure to serve and file a notice of appeal. *See* Rule 203 (b)(2), SCACR (ten day limit in which to appeal after sentencing). His federal statute of limitations began running on June 23, 2001, and ran until June 3, 2002, when the petitioner filed his first PCR action, at which time 345 days

---

[1] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[2] The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

of untolled time had elapsed. The statute remained tolled until the PCR action concluded on December 7, 2005, upon the PCR judge's grant of the petitioner's motion to withdraw the action. As the petitioner could not appeal an order granting his own motion to withdraw his PCR action, he would not have the usual 30 days in which to seek an appeal from the order. *See Rush v. State*, 628 S.E.2d 42, 43 (S.C. 2006) (dismissing notice of appeal from PCR order granting motion to withdraw finding "[s]ince it was the petitioner who sought the withdrawal, he may not appeal the order that resulted when his request was granted.").

The federal statute of limitations expired on December 27, 2005, 20 days after the conclusion of the first PCR action. The petitioner filed a second PCR action on May 15, 2009. However, that action could not toll any time as the one-year period had already lapsed. *See Grant v. Bush*, C.A. No. 6:14-cv-1313-DCN, 2015 WL 4747104, *5 (D.S.C. Aug. 11, 2015) (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state post-conviction motion filed after the expiration of the federal habeas statute of limitations period cannot toll the period because there is no period remaining to be tolled)). Furthermore, the fact that the State allowed the second PCR action does not change the analysis, because the second PCR action was not "properly filed." *See* 28 U.S.C. § 2244(d)(1) (the one-year statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. Thus, the petitioner filed his federal petition on July 27, 2015, the date he placed the petition in the

7

prison mailing system (*see* doc. 1 at 15). Accordingly, the petition was filed nine years and seven months too late.[3]

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris*, 209 F.3d 325 (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Holland*, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (*en banc*).

In his response in opposition to the motion, the petitioner states that the statute of limitations period should be tolled because of "newly-discovered facts that further present a jurisdictional challenge that was not discovered until *after* August 11, 2014[4]

---

[3]This is the time period between the date the federal statute of limitations expired (December 27, 2005) and the date of the filing of the federal petition (July 27, 2015). Notably, even if the federal statute of limitations was considered to be statutorily tolled from the date of filing of the first PCR action (June 3, 2002) until the conclusion of the second PCR action (November 24, 2014), the federal petition would still be untimely.

[4]In an attachment to his petition, the petitioner states that, in response to his Freedom of Information Act request to the Anderson County Clerk of Court, he received copies of the case disposition history sheets for the pertinent arrest warrants, which revealed that "the solicitor had two separate indictments charging Petitioner with the offence of homicide by child abuse, both based on arrest warrant F-966184" (doc. 1-1 at 15-16). The petitioner claims that because the first indictment was not *nol prossed* by the solicitor before seeking to re-indict him, the second indictment was void, and the trial court lacked

8

(Petition, p. 11) as well as the novel PCR federal claims diligently pursued by Petitioner (Petition, pp. 6-10)" (doc. 27 at 4) (emphasis in original).  Notably, the petitioner waited almost another entire year following the "newly-discovered facts" before filing his federal petition.  The petitioner has failed to show that he has been pursuing his rights diligently.  As noted by the respondent, the vast block of time reflecting inactivity in state court is not indicative of diligence.  There is no attorney upon whom to place the blame, and the petitioner has shown no circumstance beyond his control that prevented him from filing his federal petition on time. As the petitioner has failed to show that he is entitled to equitable tolling of the statute of limitations, the petition should be dismissed as untimely.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 23) be granted and the petitioner's Section 2254 petition be dismissed as untimely.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

March 2, 2016<br>
Greenville, South Carolina

---

jurisdiction to sentence him (*id.* at 16).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).