# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Derek Shane Carter, #00275938,  ) | |
| ) | Civil Action No. 6:15-cv-02988-JMC |
| Petitioner,  ) | |
| ) | |
| v.  ) | **ORDER AND OPINION** |
| ) | |
| David W. Dunlap,  ) | |
| ) | |
| Respondent.  ) | |
| _____) | |

Petitioner Derek Shane Carter ("Petitioner"), proceeding pro se and *in forma pauperis*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The matter is before the court for review of the Report and Recommendation ("Report"), filed on March 2, 2016, recommending that David W. Dunlap's ("Respondent") Motion for Summary Judgment (ECF No. 23) be granted and Petitioner's § 2254 action be dismissed as untimely. (ECF No. 31.)

For the following reasons, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 31), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 23) and **DISMISSES** Petitioner's Complaint (ECF No. 1) with prejudice as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (ECF No. 33 at 1-4.) The court concludes upon its own careful review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

## II. LEGAL STANDARD

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. Therefore, the Magistrate Judge makes only a recommendation to this court. The court reviews *de novo* only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court reviews those portions that are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id.* The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Petitioner sought habeas corpus relief pursuant to § 2254, but the federal statute of limitations for his claim expired.[1] The Magistrate Judge concluded that Petitioner fails to demonstrate entitlement to equitable tolling of the statute of limitations because he presents no evidence of circumstances preventing him from filing a timely federal petition. (ECF No. 31 at 9.) Accordingly, the court agrees with the Magistrate Judge's recommendation to dismiss Petitioner's Complaint (ECF No. 1) as untimely.

Petitioner objects and alleges that dismissing his petition as "untimely denies petitioner the benefit and/or right of an appeal of petitioner's novel federal claim." (ECF No. 33 at 1.) Additionally, Petitioner alleges he diligently pursued his federal claim. (*Id.*) However, Petitioner

---

[1] The court notes that the Report indicates that Petitioner's action was filed nine years and seven months too late. (ECF No. 31 at 8.)

2

provides no evidence that the claim was considered a genuine novel issue nor satisfies the elements necessary to be granted equitable tolling as an otherwise time-barred petitioner.

Furthermore, even if properly raised, Petitioner's argument that the trial court lacked subject matter jurisdiction due to an allegedly erroneous indictment is an issue of law for the South Carolina courts, not a federal district court. *See Pearson v. McFadden*, No. 9:14-03943, 2015 WL 6163437, at *15 (D.S.C. Oct. 16, 2015) (citing *Thompson v. Perry*, No. 06-03429, 2007 WL 2579570, at *4 (D.S.C. Sept. 4, 2007)).

The court is not obligated to provide *de novo* review because Petitioner fails to provide specific objections. Fed. R. Civ. P. 72(b)(3) (requiring a district judge to determine *de novo* any part of the magistrate judge's disposition that has been properly objected to). Therefore, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note in Fed. R. Civ. P. 72). Upon review of the record, no clear errors are found.

## IV. CONCLUSION

For the aforementioned reasons, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 31), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 23), and **DISMISSES** Petitioner's Complaint (ECF No. 1) with prejudice as untimely.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 22, 2016
Columbia, South Carolina